UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAIME SCOTT,

    Plaintiff,

v.                                            Case No. 8:25-cv-1342-KKM-AEP

KIMBERLY SHARPE BYRD, et al.,

    Defendants.
_____

## ORDER

Pro se plaintiff Jaime Scott sues Florida judges Kimberly Sharpe Byrd and Dustin Anderson, the Pasco County court system, and Sharyn Mary O'Melia. Compl. (Doc. 1). On May 28, 2025, Scott moved under Federal Rule of Civil Procedure 4(c)(3) for an order appointing the United States Marshal or the Clerk of Court to effectuate service on O'Melia. (Doc. 8). Scott explains that such an order is necessary because a state court injunction prevents her from serving O'Melia through a private process server. *Id.* at 1.[1] In response to an order of this Court, *see*

---

[1] Scott also says that the injunction prohibits her from "serving [O'Melia] directly," (Doc. 8) at 1, but the Federal Rules of Civil Procedure do not permit personal service by a party to an action, *see* FED. R. CIV. P. 4(c)(2).

(Doc. 15), Scott produced a copy of one page of the injunction, *see* (Doc. 16). That order, purportedly from a court in Pasco County, orders that "Respondent"—presumably Scott—"shall have no contact with Petitioner"—presumably O'Melia—"in person, by mail, e-mail, fax, telephone, through another person, or in any other manner." (Doc. 16-1). Scott says that because this injunction "contains no legal carve-outs or exceptions for court-related communications," she needs the court to appoint a process server under Rule 4(c)(3). (Doc. 16).

Rule 4(c)(3) provides that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Whether to appoint a process server is a matter of discretion, unless the plaintiff is proceeding in forma pauperis or is a seaman. *See* FED. R. CIV. P. 4(c) advisory committee's note to 1993 amendment; *Somerville v. Dep't of Health & Hum. Servs.*, No. 6:24-CV-2185-JSS-EJK, 2024 WL 5090233, at *1 (M.D. Fla. Dec. 12, 2024); 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1091 (4th ed. May 2025 update).

Appointment is unwarranted for two reasons. First, Scott fails to file the entire injunction order, so it is impossible to know what carve-outs the Pasco County court might have included. *See* (Doc. 16-1). Second, if the lone page Scott filed contains

2

all the relevant language, its sweep would cover a United States deputy marshal or other person appointed by this Court to act on Scott's behalf. *See id.* ("[Scott] shall have no contact with [O'Melia] . . . through another person, or in any other manner."). A state court order prohibiting Scott from serving process in federal court might raise federalism concerns. *Cf. Gen. Atomic Co. v. Felter*, 434 U.S. 12, 17 (1977) ("[T]he rights conferred by Congress to bring *in personam* actions in federal courts are not subject to abridgment by state-court injunctions."). Yet principles of federalism and intersystem comity also suggest that a state court ought to have an opportunity to clarify or modify its injunction, if appropriate. The statute under which Scott claims to have been enjoined—Florida's statute governing anti-stalking injunctions—allows her to "move the court to modify or dissolve an injunction at any time." § 784.0485(10), Fla. Stat.; *see Feldman v. Callins*, 189 So. 3d 357, 357 (Fla. 4th DCA 2016) (per curiam) (unpublished).

  Scott must therefore first seek, if necessary, a clarification or modification of the injunction before she seeks appointment of a process server by this Court. She has many weeks to do so. *See* FED. R. CIV. P. 4(m). Should additional time be necessary, she may move for an extension. *See id.*

For the reasons above, I conclude that appointment of a process server under Rule 4(c)(3) is presently unwarranted. Accordingly, Scott's Motion for Service by U.S. Marshal or Clerk Due to Existing Injunction (Doc. 8) is **DENIED**.

**ORDERED** in Tampa, Florida, on June 3, 2025.

Kathryn Kimball Mizelle
United States District Judge